# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

| | |
|---|---|
| In the matter of: ) | |
| ) | **FILED**<br>Lucinda B. Rauback, Clerk<br>United States Bankruptcy Court<br>Savannah, Georgia<br>*By dreese at 5:25 pm, Feb 27, 2014* |
| ) | |
| BARRY W. DODD and ) | |
| LESLIE S. DODD, ) | |
| (Chapter 7 Case Number <u>10-40828</u>) ) | |
| ) | |
| ) | |
| *Debtors*. ) | |
| _____ ) | |
| ) | |
| SEA ISLAND BANK, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| vs. ) | Adversary Proceeding |
| ) | |
| BARRY W. DODD, U.S. BANK ) | Number <u>12-04029</u> |
| NATIONAL ASSOCIATION AS ) | |
| TRUSTEE FOR GSAA HOME EQUITY ) | |
| TRUST 2001-1, ASSET BACKED ) | |
| CERTIFICATES, SERIES 2007-1, and ) | |
| BENJAMIN R. ROACH, TRUSTEE ) | |
| ) | |
| *Defendants*. ) | |

## OPINION AND ORDER ON TRUSTEE'S AMENDED MOTION FOR JOINDER AND MODIFICATION OF SCHEDULING ORDER

Before the Court is the amended motion for joinder and modification of

scheduling order ("**Motion**") filed by Benjamin R. Roach, the chapter 7 trustee ("**Trustee**").

(A.P. Dckt. 57).[1] The main purpose of this adversary proceeding is to determine the validity

---

[1] For this Order, citations to the main bankruptcy case, number 10-40828, will appear as "(Dckt.)," and citations to this Adversary Proceeding, number 12-04029, will appear as "(A.P. Dckt.)."

AO 72A<br>(Rev. 8/82)

and priority of liens on real property commonly known as 1105 Wilmington Road, Savannah, Chatham County, Georgia ("**Property**"). The Motion requests the Court to join 21st Mortgage Corporation ("**21st Mortgage**") as a defendant in this adversary proceeding. (A.P. Dckt. 57.) Trustee alleges that 21st Mortgage is a necessary party pursuant to Federal Rule of Civil Procedure ("**Federal Rule**") 19. A hearing was held on the original motion for joinder on February 18, 2014. On February 24, 2014, Trustee amended his original motion for joinder and modification of scheduling order to specify that he wished to join 21st Mortgage as a "Party Defendant."[2] (Dckt. 57, at 3.) This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K), and the Court has jurisdiction pursuant to 28 U.S.C. § 1334. The Court now enters the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

Barry Dodd ("**Debtor**") and Leslie Dodd filed a voluntary petition under chapter 7 on April 15, 2010. (Dckt. 1.) Their case was closed on January 4, 2011 after both debtors received a discharge. (Dckts. 44, 49.) Upon motion of Trustee, the case was reopened on May 9, 2011. (Dckt. 63.) A separate but related order provided:

> [T]his Court shall abstain from any consideration of an adversary action, motion or any other proceeding in this Court that relates to the loan that is the subject of the Motion for Relief and the subsequent Stay Relief Order entered by this Court. U.S. Bank National Association, as Trustee is allowed to

---

[2] The Court understands Trustee to mean that he requests that 21st Mortgage be joined as a third-party defendant because Trustee asserts a similar third-party complaint against U.S. Bank National Association.

AO 72A
(Rev. 8/82)

continue with pursuit of its complaint in the Superior Court of Chatham County, Georgia.

(Dckt. 66.)

On April 23, 2012, U.S. Bank National Association ("**U.S. Bank**") obtained an order from the Superior Court of Chatham County, Geogia allowing it to establish a copy of its security deed on the Property and to record it in the county land records pursuant to O.C.G.A. § 44-5-46. (Answer of U.S. Bank, A.P. Dckt. 10, at 3.) U.S. Bank alleges that it recorded its "lost" security deed on the Property on May 21, 2012. (*Id.*)

About one year later, on April 25, 2012, Sea Island Bank ("**Sea Island**") commenced this adversary proceeding under Federal Rule of Bankruptcy Procedure ("**Bankruptcy Rule**") 7001(2) to determine the priority of liens on the Property. (A.P. Dckt. 1.) The complaint in this adversary proceeding was amended to provide the correct address of the Property and to attach the correct security deed as an exhibit. (A.P. Dckt. 13.) The amended complaint alleges, *inter alia*, that (1) Debtor pledged the Property to secure his wife's debt to Sea Island Bank (A.P. Dckt. 13, at 6, ¶ 7); (2) Sea Island recorded that security deed on October 12, 2007 (A.P. Dckt. 13, at 6–7, ¶ 7); and (3) "[Sea Island] conducted a lien search on [the Property] and loaned the money to Leslie Dodd in reliance on [the Property] being free and clear of encumbrances." (A.P. Dckt. 13, at 7, ¶ 10.)

In the Motion, Trustee alleges that Debtor executed two security deeds on

the Property in favor of Taylor Bean & Whitaker ("**TBW**") on or about October 2, 2006. (A.P. Dckt. 57, ¶ 1.) Neither security deed was recorded before the debtors filed for bankruptcy relief. It is believed that U.S. Bank acquired one of the TBW security deeds at some time between the case being closed and reopened. (A.P. Dckt. 57, ¶ 7.) At an unspecified time, 21st Mortgage acquired the other TBW security deed. (Dckt. 57, ¶ 8.) On December 19, 2012, 21st Mortgage filed a Proof of Claim in the main bankruptcy case, claiming a secured interest in the Property. (Claims Register 3.) The Security Deed attached to the Proof of Claim did not reflect that it had been recorded, but it did purport to be a "certified true and correct copy of the original." (Claims Register 3, at 9.)

Trustee argues in the Motion that 21st Mortgage's claimed interest in the Property conflicts with Sea Island's interest. Additionally, Trustee argues that "21st Mortgage is an indispensable party to this action in whose absence complete relief cannot be accorded among those already parties to this action" and further argues that 21st Mortgage "is subject to service of process and that its joinder will not deprive the court of jurisdiction over the subject matter of this action."[3] (A.P. Dckt. 57, at 3, ¶ 17.)

---

[3] Because Trustee argues that 21st Mortgage may be joined in this adversary proceeding without the Court losing subject-matter jurisdiction, the Court takes Trustee's use of the term "indispensable" to mean that 21st Mortgage is a party needed for just adjudication, often described as a "necessary" party. The Court notes that a distinction exists between the terms "indispensable" and "necessary" as explained in the classic Supreme Court decision *Shields v. Barrow*, 58 U.S. 130 (1855).

## CONCLUSIONS OF LAW

Bankruptcy Rule 7019 makes Federal Rule 19 applicable to adversary proceedings in bankruptcy including this one. Federal Rule 19 provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> >
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > >
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Therefore, "[a]n absentee will be deemed necessary if failure to join it creates any of three potential risks: (1) inability of the court to accord complete relief among the parties; (2) risk of harm to the absentee's ability to protect its interest; or (3) risk of harm to the defendant by subjecting it to double liability or inconsistent obligations." *Moore's Federal Practice* § 19.02[2][c] (3d ed. 2005).

Trustee argues that 21st Mortgage is a necessary party because the Court cannot grant "complete relief" among existing parties under Federal Rule 19(a)(1)(A) without its joinder. It is important to note that the question of whether or not the Court's decision in this adversary proceeding would affect 21st Mortgage's interest in the Property

is irrelevant to determine whether it is a necessary party under the "complete relief"
clause. *See Moore's Federal Practice* § 19.03[2][b] (3d ed. 2005).

Although the Court declines to make a determination because it would be
unnecessary in light of the Court's conclusion below that 21st Mortgage is a necessary
party based on another of the grounds provided by Federal Rule 19, the Court is doubtful
that 21st Mortgage is a necessary party under the "complete relief" clause. In this
adversary proceeding, Sea Island wishes to establish its first lien position on the Property.
Trustee seeks to establish that 11 U.S.C. § 544(a)(3) entitles him to a lien position that is
superior to Sea Island's and U.S. Bank's liens. (A.P. Dckt. 7, at 7.) Trustee's ultimate
goal appears to be to determine that there is nonexempt equity in the Property so that he
can sell it and provide a recovery to unsecured creditors. Nevertheless, because the Court
can determine the relative lien priorities of Sea Island, Trustee, and U.S. Bank in 21st
Mortgage's absence, the Court probably could accord complete relief among the existing
parties. *See* Fed. R. Civ. P. 19(a)(1)(A).

Here, the Court finds that 21st Mortgage is a necessary party because it
claims an interest related to the subject of the action and is so situated that disposing of
the action in its absence may impair or impede its ability to protect its interest. *See* Fed.
R. Civ. P. 19(a)(1)(B)(i). Although Trustee did not specifically argue this ground in the
Motion, the Court may address this issue *sua sponte*. *See Rainmaker Int'l, Inc. v. Seaview
Mezzanine Fund, L.P.*, No. CV408-017, 2009 WL 2952068, at *2 (S.D. Ga. 2009) (citing

*Wymbs v. Republican State Executive Comm. Of Fla.*, 719 F.2d 1072, 1079 n.22 (11th Cir. 1983)). The proper interpretation of "the interest requirement [is] not limited to a legal interest, but one to be determined from a practical perspective, not through the adoption of strict legal definitions and technicalities." *Aguilar v. Los Angeles Cnty.*, 751 F.2d 1089, 1093 (9th Cir. 1985) (internal quotation marks omitted); *see also Wymbs*, 719 F.2d at 1079 ("In making the joinder determination, a court should be guided by 'pragmatic concerns, especially the effect on the parties and the litigation.'" (quoting *Smith v. State Farm Fire & Cas. Co.*, 633 F.2d 401, 405 (5th Cir. 1980))).

The Court finds that 21st Mortgage clearly has an interest in the subject matter of this lawsuit as evidenced by its Proof of Claim filed in the main bankruptcy case. Due to the fact that their interests originate from security deeds in favor of TBW executed near or at the same time, it appears that U.S. Bank and 21st Mortgage will have many similar arguments as to their priority. Also, one or more of the parties currently in this adversary proceeding are likely to attempt to take action against the Property once the adversary proceeding is concluded. In light of the above, the Court finds that going forward with this litigation in 21st Mortgage's absence, as a practical matter, "may impair or impede its ability to protect its interest." Fed. R. Civ. P. 19(a)(1)(B)(i). Therefore, it would be unfair and inequitable not to join 21st Mortgage. Because joinder of 21st Mortgage will not deprive the Court of subject-matter jurisdiction over this adversary proceeding, 21st Mortgage must be joined. Accordingly, the Court grants Trustee's motion to join 21st Mortgage as a third-party defendant.

AO 72A
(Rev. 8/82)

7

## MODIFICATION OF SCHEDULING ORDER

In the Motion, Trustee also requests to modify the scheduling order in the adversary proceeding as needed to accommodate the joinder of 21st Mortgage. (A.P. Dckt. 57, at 1.) Bankruptcy Rule 7026 makes Federal Rule 26 applicable to this adversary proceeding. The Court notes that Federal Rule 26(f) and Federal Rule 16 (as well as Local Rule 26.1) are silent on what procedures should be taken as to a party joined after the first scheduling conference is held. *See Steppes Apartment, Ltd. v. Armstrong*, 188 F.R.D. 642, 644 (D. Utah. 1999). Furthermore, "the available authorities indicate that an additional Rule 26(f) conference is not required, but at most is a matter of the parties' and Court's discretion." *Infosystems, Inc. v. Ceridian Corp.*, 197 F.R.D. 303, 308 (E.D. Mich. 2000).

Federal Rule 26(a)(1)(D), however, does provide the Court and the parties some guidance in this case:

> A party that is first served or otherwise joined after the Rule 26(f) conference must make the initial disclosures within 30 days after being served or joined, unless a different time is set by stipulation or court order.

Fed. R. Civ. P. 26(a)(1)(D). Therefore, the Court orders that 21st Mortgage must make its initial disclosures within 30 days of being served a summons in this adversary proceeding. The Court grants Trustee's motion to modify the scheduling order in this case as ordered below.

ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that Trustee's Motion (A.P. Dckt. 57) is GRANTED. Trustee shall have fourteen (14) days from the date of this ORDER to amend his third-party complaint to include 21st Mortgage Corporation as a third-party defendant and to effect service of process thereon. The Clerk is DIRECTED to issue a summons to 21st Mortgage Corporation upon Trustee's filing of his amended complaint.

IT IS FURTHER ORDERED that 21st Mortgage Corporation must make its initial disclosures within 30 days of being served a summons in this adversary proceeding. Following 21st Mortgage Corporation's appearance in this proceeding, the parties will have 30 days to request additional discovery or to file additional motions. The Court will enter a scheduling order once 21st Mortgage Corporation appears in this case.

Dated at Savannah, Georgia, this 27th day of February, 2014.

Edward J. Coleman, III
United States Bankruptcy Judge
Southern District of Georgia

AO 72A
(Rev. 8/82)

9